[Cite as *Wilkshire Communications, Inc. v. Hollinger-Yohe Ins. Agency Inc.*, 2016-Ohio-357.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WILKSHIRE COMMUNICATIONS, INC. et al. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellees/Cross-Appellants | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| HOLLINGER-YOHE INSURANCE AGENCY INC., et al. | : | Case No. 2015 AP 07 0046 |
| | : | |
| | : | |
| Defendant -Appellants/Cross-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2012 CV 07 0685


JUDGMENT: Vacated; Final Judgment Entered


DATE OF JUDGMENT: February 1, 2016


APPEARANCES:

For Plaintiffs-Appellees

STEVEN A. ANDERSON
PAUL HERVEY
Fitzpatrick, Zimmerman & Rose Co., LPA
P.O. Box 1014
New Philadelphia, Ohio 44663

For Defendants-Appellants

ELIZABETH A. BURICK
1428 Market Avenue North
Canton, Ohio 44714

*Baldwin, J.*

{¶1}   Appellant Matthew S. Hollinger appeals a judgment of the Tuscarawas County Common Pleas Court in favor of appellees Wilkshire Communications, Inc. and Fairway Lawn and Landscaping, Inc. in the amount of $36,000.00 on a promissory note.

STATEMENT OF FACTS AND CASE

{¶2}   Wilkshire Communications, Inc. (hereinafter "Wilkshire") provided internet services and lawn care services for clients in the Bolivar, Ohio area.  The owner and operator of Wilkshire at all relevant times to this case was Aaron Salapak.  Due to a sale of Wilkshire, an order assigning all of Wilkshire's rights in this case to Fairway Lawn Care and Landscaping, LLC, was approved by the trial court on June 23, 2014.  Appellant Matthew Hollinger is the owner and president of Hollinger-Yohe Insurance Agency, which provided insurance for Wilkshire over a fifteen-year period.

{¶3}   Prior to January 1, 2010, Wilkshire had an auto policy and property damage policy for its landscaping business with Auto Owners Insurance, and a business policy with Auto Owners covering the computer business.  Auto Owners sent notice canceling its business coverage with Wilkshire effective January 3, 2010.

{¶4}   Hollinger and Salapak discussed obtaining replacement business coverage from Grange Insurance.  Although Hollinger sent Wilkshire a certificate of insurance in 2010 and 2011 from Grange, no premiums were paid to Grange by Wilkshire.  Salapak was considering broadening the computer business to include the storage of customer's computer data, which required expensive coverage not available from Grange.

{¶5} In July of 2011, appellant was advised that Wilkshire had decided not to expand into data storage, and thus business coverage was available from Grange. Appellant electronically submitted the application to Grange on August 6, 2011. On the same day, a lightning strike hit a tower owned by Wilkshire.

{¶6} Grange denied Wilkshire's claim, due to lack of coverage based on an error with the electronic submission of the application submitted by appellant. Salapak advised appellant that he was having difficulty staying operational without the insurance proceeds. At that time, a claim was pending with appellant's professional insurance carrier for the loss.

{¶7} Appellant delivered to Salapak a check for $30,000.00 on January 23, 2012. Salapak testified that he did not understand the check to be a loan, and he prepared the following written document, signed by both parties upon delivery of the check:

> The acceptance of check number 18700 dated 1/23/2012 in the amount of $30,000.00 is appreciated, but does not constitute full compensation for the loss experienced by Wilkshire Communications, Inc. for the lightning strike property loss on 8/6/2011 at 387 Edgebrook Rd. NE, Bolivar, Ohio 44612. The above listed check will be put against/deducted from the total claim balance of $66,000.00 as of 1/23/2012. Full payment for loss is anticipated by 2/1/2012. A finance charge of 2% will be assessed on the first day of each month until balance is paid in full to Wilkshire Communications, Inc.

{¶8}   Grange subsequently determined that it would not bind the insurance policy back to August 5, 2011, but allowed coverage to begin on October 15, 2011.  Appellee filed the instant action in the Tuscarawas County Common Pleas Court alleging breach of contract, negligence, professional negligence, misrepresentation, and breach of a promissory note.  Appellant counterclaimed for failure to repay a loan in the amount of $30,000.00.  Following bench trial, the court dismissed all of appellees' claims except the claim on the promissory note based on appellees' failure to present evidence of damages.  The court also dismissed the counterclaim.  The court entered judgment in favor of appellees against appellant personally on the promissory note in the amount of $36,000.00.  The court further found that the amount due under the note should be reduced by any settlement appellee might receive from Grange.

{¶9}   Appellant assigns two errors on appeal:

{¶10}  "I.  THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT THE WRITING MARKED AS EXHIBIT 'J' DATED JANUARY 23, 2012 WAS A PROMISSORY NOTE.

{¶11}  "II.   THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT RELIED ON EXTRINSIC EVIDENCE TO SUPPLEMENT THE WRITING BETWEEN APPELLEES AND APPELLANT HOLLINGER AND ADDED TERMS THAT WERE NOT INCLUDED WITHIN THE FOUR CORNERS OF THE WRITTEN DOCUMENT."

{¶12}  Appellees assign a single error on cross-appeal:

{¶13}  "THE TRIAL COURT ERRED IN MODIFYING THE WRITING TO REDUCE THE INTEREST RATE THE APPELLANT WAS TO PAY THE APPELLEE."

I.

{¶14} In his first assignment of error, appellant argues that the court erred in finding Exhibit J to be a promissory note. Exhibit J states:

> The acceptance of check number 18700 dated 1/23/2012 in the amount of $30,000.00 is appreciated, but does not constitute full compensation for the loss experienced by Wilkshire Communications, Inc. for the lightning strike property loss on 8/6/2011 at 387 Edgebrook Rd. NE, Bolivar, Ohio 44612. The above listed check will be put against/deducted from the total claim balance of $66,000.00 as of 1/23/2012. Full payment for loss is anticipated by 2/1/2012. A finance charge of 2% will be assessed on the first day of each month until balance is paid in full to Wilkshire Communications, Inc.

{¶15} The trial court found against appellees on their breach of contract claim based on this document because appellees failed to prove damages. However, the court found that the document, as executed by appellant personally and not on behalf of the Hollinger-Yohe Insurance Agency, satisfied the legal requirements of a promissory note, and evidenced appellant's personal promise to pay appellees $66,000.00.

{¶16} R.C. 1303.03 sets forth the requirements a document must meet in order to be a promissory note:

> (A)    Except as provided in divisions (C) and (D) of this section, "negotiable instrument" means an unconditional

promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it meets all of the following requirements:

(1)     It is payable to bearer or to order at the time it is issued or first comes into possession of a holder.

(2)     It is payable on demand or at a definite time.

(3)     It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain any of the following:

(a)     An undertaking or power to give, maintain, or protect collateral to secure payment;

(b)     An authorization or power to the holder to confess judgment or realize on or dispose of collateral;

(c)     A waiver of the benefit of any law intended for the advantage or protection of an obligor.

{¶17}  R.C. 1303.01(11) defines "promise" as "a written undertaking to pay money that is signed by the person undertaking to pay."  The definition further provides that a promise "does not include an acknowledgment of an obligation by the obligor unless the obligor also undertakes to pay the obligation."

{¶18}  The document in question in the instant case does not include a written undertaking by appellant to pay the entire $66,000.00.  Although the writing states that the check appellant wrote for $30,000.00 will be deducted from the total claim balance,

appellant does not expressly promise to pay the remaining $36,000.00. The document is not clear as to whether the remaining balance is expected from appellant or from some other source.

{¶19} In appellant's second assignment of error, he argues that the court erred in considering evidence outside the document itself. Assuming arguendo that such evidence was admissible, the evidence still does not demonstrate that appellant undertook an obligation to pay the entire claim of $66,000.00. Appellant testified that he never intended to pay the remaining $36,000.00. In his mind, the $30,000.00 was a loan which would be repaid when one of the insurance companies involved ultimately paid the claim. Tr. 241-242.

{¶20} Aaaron Salapack drafted Exhibit J, and presented it to appellant for signature upon receipt of the $30,000.00 check. He testified that he was "very surprised" that appellant wrote Wilkshire a check, but he wanted it documented that he did not feel that he had received the full amount. He testified:

{¶21} "Q. Did Mr. Hollinger give you any statement or communication or indication that he would be paying the balance on Exhibit J by the end of the month of January?

{¶22} "A. No, not necessarily but it wasn't disagreed upon.

{¶23} "Q. Okay. It was just assumed by you that he was going to follow through on the reminder of that after he signed the document.

{¶24} "A. Correct." Tr. 120.

{¶25} The trial court erred in finding that the document was a promissory note as defined in R.C. 1303.03, as appellant did not undertake to pay the obligation. The first assignment of error is sustained.

{¶26}  Appellant's second assignment of error and appellees' assignment of error on cross appeal are rendered moot by our disposition of assignment of error one.

{¶27}  The judgment of the Tuscarawas County Common Pleas Court awarding appellee $36,000.00 on a promissory note is vacated.  Pursuant to App. R. 12(B), we hereby enter final judgment in favor of appellant on the promissory note claim.  Costs are assessed to appellees.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.